IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| HENRY SAUNDERS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:18-cv-03222-PWG |
| CAPITAL ONE BANK (USA), N.A. et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

The Fair Debt Collection Practices Act ("FDCPA") seeks "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Here, Plaintiff Henry Saunders seeks more than $3.5 million in damages from Capital One Bank (USA), N.A. ("Capital One") and its chief financial officer, Stephen Crawford (collectively, "Defendants"), for unspecified violations of the FDCPA. *See* Compl. 6, ECF No. 1. Upon review, I agree with Defendants that Mr. Saunders has failed to allege that either Capital One or Mr. Crawford qualify as a "debt collector" under the statute. Defendants' Motion to Dismiss (ECF No. 12) is therefore granted.

## FACTUAL BACKGROUND

The issue before me at this stage of the proceedings is whether to dismiss Mr. Saunders's Complaint under Rule 12(b)(6), under which I must assume all facts in the Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). As it happens, this Complaint is fairly short on facts – and what facts it does allege are not always consistent with each other.

To begin, the Complaint alleges that Mr. Saunders was "obligated, or allegedly obligated, to pay a debt owed or due" to "a creditor other than" Capital One. Compl. ¶ 15. It states that this alleged debt "arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes." *Id.* ¶ 16. The Complaint does not specify the amount of the debt or explain when or how it was incurred. And while at one point it asserts the debt was "owed or due a creditor other than" Defendants, *id.* ¶ 15, it later alleges that Capital One, in its attempts to collect on the debt, stated in the collection letter that Mr. Saunders "owed an alleged debt to Capital One Bank," *id.* ¶ 18.

According to the Complaint, Capital One sent its letter and a bill to Mr. Saunders on August 15, 2018. *Id.* ¶ 18. Mr. Saunders, in turn, mailed the company a "Notice of Presentment" disputing the existence of a debt and demanding verification under the FDCPA and Maryland law. *See* Notice of Presentment, ECF No. 1-3. There, Mr. Saunders ordered Capital One to "cease and desist any and all collection activity, in any and every form (including telephone contact)," until verification is provided. *Id.* at 1. The letter purported to be a "self-executing contract" and stated that the company's failure to provide the requested verification would operate to wipe away the debt. *See id.* at 4 ("Payment shall be deemed refused, and/or no obligation exists, if 'Lender' does not provide verification and/or adequate assurance of the alleged debt as herein requested . . . ."); *id.* at 6 ("Failure to respond to this letter within five (5) days of receipt will be taken as an administrative default as per the Administrative Procedures Act of 1946.").

Defendants did not respond to Mr. Saunders's letter, *see* Compl. ¶ 20, so Mr. Saunders commissioned a notary public to send a follow-up letter. *See id.* ¶ 21. The notary's letter, addressed to Capital One Financial Corporation's chief financial officer, was styled as a "Notice

of Dishonor" and purported to give the company 10 days to respond to Mr. Saunders's "Notice of Presentment," or else the company would be estopped "as to the matter at hand" and would be liable for thousands of dollars in damages under various federal laws. *See* Notice of Dishonor 1-2, ECF No. 1-4. Later, after some time passed without a response from the Capital One, the notary sent another letter (under the header "Certificate of Protest") asserting that the company "has dishonored this Notary's Notice of Dishonor by non-response/nonperformance, and has therefore stipulated, confessed, and agreed to all terms and conditions stated in Presentment and Notice of Dishonor." Certificate of Protest, ECF No. 1-5. The letter alleged that, as a consequence of the "dishonor," the company was liable to Mr. Saunders for $3,543,339. *Id.* at 1.

Mr. Saunders filed his Complaint in this Court on October 17, 2018, alleging Defendants "violated one or more provisions of the FDCPA." Compl. ¶ 27. Defendants soon afterward moved to dismiss the Complaint under Rule 12(b)(6), arguing it "plainly fails to state a claim upon which relief can be granted" because "neither Capital One nor Crawford are 'debt collectors' under the FDCPA." Defs.' Mem. 5, ECF No. 13. The motion is fully briefed. *See* ECF Nos. 13, 18, 19. A hearing is not required. *See* Loc. R. 105.6.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes parties in a civil action to seek the dismissal of a claim or complaint on the grounds that it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647-48 (D. Md. 2015). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Where, as here, the plaintiff has filed a pleading without the aid of counsel, the court must construe the pleading liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Liberal construction, though, does not mean a court may overlook a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). Where, as here, a plaintiff has attached exhibits to the complaint, these exhibits are considered part of the pleading. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 757 n.4 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008).

## DISCUSSION

Mr. Saunders has brought this case under the FDCPA, a statute that "regulates interactions between consumers and debt collectors by imposing affirmative statutory obligations upon debt collectors and proscribing certain abusive conduct." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 388-89 (4th Cir. 2014). "Debt collectors who violate the statute are liable to the

debtor for actual damages, costs, and reasonable attorney's fees." *Id.* at 389 (citing 15 U.S.C. § 1692k(a)(1)). "To state a claim for relief under the FDCPA, a plaintiff must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 758 (D. Md. 2017) (quoting *Webber v. Maryland*, No. RDB-16-2249, 2017 WL 86015, at *4 (D. Md. Jan. 10, 2017)).

Defendants argue the Complaint fails to plead the second requirement. *See* Defs.' Mem. 4. They point, in particular, to Paragraph 18 of the Complaint, which alleges that "[i]n connection with the collection of an alleged debt, Capital One Bank, on or around August 15, 2018, sent a letter and bill to Petitioner, and at such time, claiming that Petitioner owed an alleged debt to Capital One Bank." Compl. ¶ 18. "Here," they say,

> Saunders alleges that Capital One—and Crawford acting on behalf of Capital One—sought to collect on an account for which Capital One was the creditor. By attempting to collect on a debt owed to Capital One on a Capital One account, neither Capital One nor its agent meet the definition of "debt collector."

Defs.' Mem. 4 (footnote and internal citation omitted).

The FDCPA distinguishes between "debt collectors" and "creditors" and generally treats the two categories as "mutually exclusive." *Bailey v. Bank of Am.*, No. ELH-16-2243, 2017 WL 1301486, at *11 (D. Md. Apr. 7, 2017) ("'The structure of the Act suggests' that an entity receiving or attempting to collect money due on a debt 'must be one or the other,' that is, either a debt collector or a creditor." (quoting *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003)). The distinction is critical because "[u]nlike debt collectors, creditors typically are

5

not subject to the FDCPA." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).

The FDCPA provision that defines the term "debt collector," 15 U.S.C. § 1692a(6), can be broken into two parts. The first part supplies a general definition, while the second lists several categories of individuals or entities that are expressly excluded from that definition. It follows, then, that to determine whether a person qualifies as a "debt collector" under the statute, a court "must first determine whether the person satisfies one of the statutory definitions given in the main text of § 1692a(6) before considering whether that person falls into one of the exclusions contained in subsections § 1692a(6)(A)-(F). If a person does not satisfy one of the definitions in the main text, the exclusions in subsections § 1692a(6)(A)-(F) do not come into play." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd*, 137 S. Ct. 1718 (2017).

I begin, accordingly, with the statute's main text. Here, the provision states:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). The Fourth Circuit has put this more succinctly, explaining that a debt collector is someone who falls into any of the following three categories: "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson*, 817 F.3d at 136.

A creditor, by contrast, is defined under the statute as "any person who offers or extends credit creating a debt or to whom a debt is owed."[1] § 1692a(4). In other words, a creditor "is a person to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector." *Henson*, 817 F.3d at 135-36.

Mr. Saunders's Complaint asserts, flatly, that Defendants "are a 'debt collector' as defined by 15 U.S.C. § 1692a(6). Compl. ¶ 14. It then lifts near-exact language from the statutory text, alleging that Defendants "use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another." *Id.* ¶ 17. But beyond this "formulaic recitation" of the statutory text, which, taken alone, is not sufficient to state a claim, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see, e.g., Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018) (affirming the dismissal of an ADA claim under Rule 12(b)(6) because the complaint "plead[ed] only the vague generality" that the plaintiffs satisfied a statutory requirement), the Complaint does not offer any facts to support Mr. Saunders's conclusory assertion that both Capital One and its chief financial officer, Mr. Crawford, come within the statutory definition it recites.[2]

What makes this Complaint even more problematic is that it contradicts itself. Just a few paragraphs after alleging that Capital One sought payment for a debt that was "owed or due to a creditor other than" Defendants, Compl. ¶ 15, the Complaint does a one-eighty, asserting that the

---

[1] The statute notes, though, that this term "does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." § 1692a(4).

[2] It does not help Mr. Saunders that the word "or" appears seven times in the statutory text he recites. *See* Compl. ¶ 17. The phrasing makes it especially difficult to discern just what it is that Mr. Saunders is alleging.

7

offending letter and bill "claim[ed] that Petitioner owed an alleged debt to Capital One Bank," *id.* ¶ 18. To add to the confusion, Mr. Saunders's "Notice of Presentment," attached to the Complaint, repeatedly refers to Capital One as "Lender" – a term that suggests the company is better classified as a creditor than as a debt collector. These inconsistencies undermine Mr. Saunders's assertion that Defendants are in the business of collecting on debts (as opposed to the business of extending credit). And without any other factual basis for treating Defendants as debt collectors under the FDCPA, the claims against them do not qualify as plausible.

I conclude, accordingly, that Mr. Saunders has not adequately alleged that Capital One is a debt collector within the meaning of the FDCPA. Defendants' Motion to Dismiss is granted, but because Defendants have not shown that the pleading deficiencies undermining Mr. Saunders's claim against Capital One could not be repaired via amendment, the dismissal of that claim must be without prejudice.[3] Mr. Saunders will have twenty-one (21) days from the date of this Memorandum Opinion and Order to file an amended complaint. Failure to file an amended pleading within the allotted timeframe will result in a dismissal with prejudice.

In the event that Mr. Saunders does file an amended complaint, he must plead his claim with substantially more particularity than he did the first time. First, he must attach a copy of the

---

[3] By contrast, I am convinced that Mr. Saunders cannot state a claim against Mr. Crawford. "Individuals who do not otherwise meet the statutory definition of 'debt collector' cannot be held liable under the Act." *Perry v. Capital One Bank*, No. 08-2149, 2008 WL 4615462, at *3 (C.D. Ill. Oct. 16, 2008) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)). Mr. Saunders has not offered any facts indicating Mr. Crawford might, apart from his employer, qualify as a "debt collector." *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1000 n.4 (9th Cir. 2012) (noting that circuit courts addressing individual liability under the FDCPA "have focused primarily on . . . whether or not an officer of a debt collection company meets the definition of debt collector"). For that matter, the Complaint does not allege that Mr. Crawford personally played any role in the debt collection efforts Mr. Saunders seeks to challenge. *See id.* at 1000. Because I conclude that amending the Complaint to address this deficiency would be futile, the claim against Mr. Crawford is dismissed with prejudice.

letter and bill he alleges Capital One sent him as part of its collection efforts or, failing that, he must at least specify the nature and amount of the alleged debt and clearly state whether Capital One was attempting to collect the money on its own behalf or on behalf of another.

Second, if Mr. Saunders does intend to continue pursuing relief under the FDCPA, his amended pleading must allege facts that would permit a reasonable inference that Capital One qualifies as a debt collector under the statute. While I am mindful that Mr. Saunders lacks counsel, and that pleadings filed by unrepresented litigants are to be liberally construed, he must take heed of the legal principles I have explained in this Memorandum Opinion.[4] Further, he should note, as Defendants have, that many courts before this one have dismissed FDCPA claims against Capital One on the ground that the company is not a "debt collector" within the meaning of the statute. *See* Defs.' Mem. 3-4; *see, e.g., Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015); *Schweickhardt v. Capital One Bank (USA), N.A.*, No. 16-1623 RLW, 2017 WL 1497912, at *2 (E.D. Mo. Apr. 25, 2017); *Smith v. Capital One Fin. Corp.*, No. C 11-3425 PJH, 2012 WL 1669347, at *2-*3 (N.D. Cal. May 11, 2012); *Lufkin v. Capital One Bank (USA), N.A.*, No. 10-18, 2010 WL 2813437, at *5 (E.D. Tenn. July 16, 2010); *Perry v. Capital One Bank*, No. 08-2149, 2008 WL 4615462, at *3 (C.D. Ill. Oct. 16, 2008). These decisions, to be clear, do not foreclose the possibility that a debtor might have grounds to state a claim against Capital One under the FDCPA, but they surely call the premise of Mr. Saunders's suit into question.

Finally, an amended pleading must clearly identify the particular provision of the FDCPA that Mr. Saunders accuses Capital One of violating.

---

[4] Mr. Saunders should take note, as well, that under Rule 11 of the Federal Rules of Civil Procedure, all parties – including unrepresented ones – are accountable for the factual and legal contentions they present to the Court and may face sanctions for unwarranted or frivolous claims. *See* Fed. R. Civ. P. 11(b)-(c); *Aldmyr Sys., Inc. v. Friedman*, 215 F. Supp. 3d 440, 464 (D. Md. 2016).

# ORDER

Accordingly, it is this day, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Capital One Bank (USA), N.A.'s Motion to Dismiss (ECF No. 12) IS GRANTED as follows:

    a. The FDCPA claim against Capital One is dismissed without prejudice; and

    b. The FDCPA claim against Stephen Crawford is dismissed with prejudice;

2. Plaintiff Henry Saunders IS GRANTED TWENTY-ONE DAYS from the date of this Order in which to file an amended complaint curing the deficiencies addressed in the Court's Memorandum Opinion; and

3. Failure to file a timely amended complaint will result in the dismissal of this case with prejudice.

Date:

7/3/19

Paul W. Grimm
United States District Judge